IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                    Criminal No. 3:19cr66

AARON J. TALLEY,

      Petitioner.

## MEMORANDUM OPINION

Aaron J. Talley, a federal inmate proceeding *pro se*, brings this motion pursuant to

28 U.S.C. § 2255 ("§ 2255 Motion"). (ECF No. 130.)  The Government concedes that Talley is

entitled to relief and should be resentenced. (ECF No. 155, at 5.)  Therefore, as discussed in

greater detail below, Talley's § 2255 Motion will be GRANTED. (ECF No. 130.)

## I.  Procedural History

On April 3, 2019, Talley was charged in a one-count Indictment with conspiracy to

distribute and possess with intent to distribute a mixture and substance containing a detectible

amount of heroin. (ECF No. 7, at 1.)[1]  On May 24, 2019, Talley pled guilty to the above charge.

(ECF No. 56, at 1.)  A Presentence Investigation Report ("PSR") was prepared prior to

sentencing. (ECF No. 96.)  Talley's Base Offense Level was 22, because the offense involved at

least 80 grams but less than 100 grams of heroin. (ECF No. 96, ¶ 87.)  Talley received a four-

point enhancement for his role as an organizer or leader of the criminal activity. (ECF No. 96,

¶ 90.)  Talley was then found to be a career offender because he had at least two prior felony

convictions of a controlled substance offense, so his offense level became 32. (ECF No. 96,

_____

[1] The Court employs the pagination assigned by the CM/ECF docketing system.  The
Court corrects the capitalization and punctuation in the quotations from Talley's submissions.

¶ 93.) Because Talley accepted responsibility, he received a three-point reduction resulting in a Total Offense Level of 29. (ECF No. 96, ¶ 96.) With a criminal history of VI, Talley's sentencing guidelines range was between 151 and 188 months of incarceration, although the statute of which he was convicted authorized up to twenty years of incarceration. (ECF No. 96, ¶ 160.)

Counsel objected to Talley's classification as a career offender. (ECF No. 96, at 32.) Specifically, counsel argued that that the following prior convictions failed to qualify as controlled substance offenses under United States Sentencing Guidelines Manual ("USSG") § 4B1.2(b): 1) a 2006 conviction for possession of a controlled dangerous substance with intent to distribute within 1000 feet of a school, in the Hudson County, New Jersey Superior Court, and a resulting sentence of three years and nine months of incarceration; 2) a 2006 conviction for possession of a controlled substance/analog with intent to distribute within 1000 feet of a school, in the Hudson County Superior Court, and a resulting sentence of five years and thirty months of incarceration; and, 3) a 2011 conviction for conspiracy to dispense or distribute less than a half ounce of heroin, in the Hudson County Superior Court, and a resulting sentence of three years of probation. (ECF No. 96, at 32 (citing ¶¶ 106, 107, 110).)

Prior to sentencing, counsel withdrew Talley's objection regarding the "classification of two New Jersey prior drug convictions as 'controlled substance offenses,' resulting in the application of an enhancement pursuant to the career offender provision of the guidelines." (ECF No. 108, at 1 (citing PSR ¶ 114).) Nevertheless, counsel argued that a sentence within the guidelines range would be excessive because Talley's criminal history was nonviolent and suggested that, if he was not found to be a career offender, the range would be 92 to 115 months of incarceration, and that a sentence of 103 months would be appropriate. (ECF No. 108, at 1–

2

2.)  On September 23, 2019, the Court imposed a variant sentence of 144 months of

imprisonment.  (ECF No. 114, at 2.)[2]  Talley did not appeal.

On July 11, 2021, Talley placed the present § 2255 Motion in the prison mail system.

(ECF No. 130, at 12.)  In his § 2255 Motion, Talley raises the following claim for relief:

Claim One:   "Ineffective assistance of counsel at sentencing and failing to object to
career offender [enhancement] under [United States Sentencing
Guidelines §] 4B1.1."  (ECF No. 130, at 4.)

The Government moved to dismiss, asserting that Talley's § 2255 Motion is barred by

the statute of limitations.  (ECF No. 133.)  Talley filed a Response.  (ECF No. 134.)  After

reviewing the parties' submissions, the Court ordered Talley to submit further information about

the actions he took to pursue his § 2255 Motion.  (ECF No. 151.)  Talley complied with that

directive.  (ECF No. 153.)  The Court subsequently ordered the Government to file a response

that addressed Talley's further arguments in support of the timeliness of the § 2255 Motion and

address the merits of Talley's claim.  (ECF No. 154.)  The Government filed its response, in

which it asked that the Motion to Dismiss be withdrawn, and conceded that Talley is entitled to

relief in the form of a resentencing.  (ECF No. 155, at 5.)

## II.  Analysis

### A.  Legal Standard

To demonstrate ineffective assistance of counsel, a convicted defendant must show first,

that counsel's representation was deficient and second, that the deficient performance prejudiced

---

[2] The Government did not order the sentencing transcript.  Therefore, the Court is unable to review the proceeding for its exact findings on the appropriateness of Talley's sentence and its decision on which prior convictions made Talley a career offender.  Nevertheless, as discussed below, it was Talley's offense of conviction that disqualified him from having the career offender guidelines applied, not his prior convictions.  Thus, the Government agrees that Talley is entitled to relief in the form of a resentencing, and the Court need not obtain the transcript to resolve the § 2255 Motion.

the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient

performance prong of Strickland, the convicted defendant must overcome the "'strong

presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable

professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting

*Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective

assistance of counsel claims, it is not necessary to determine whether counsel performed

deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### B. Talley's Argument

Talley argues that he received "[i]neffective assistance of counsel at sentencing" because

counsel "fail[ed] to object to career offender [enhancement] under [United States Sentencing

Guidelines §] 4B1.1." (ECF No. 130, at 4.) Specifically, Talley faults counsel for withdrawing

the objection to his designation as a career offender. (ECF No. 131, at 3–4.) Talley contends

that

> had attorney Roberts investigated, she would have discovered recently decided
> Fourth Circuit case law that U.S.S.G. [§] 4B1.2(B), which defines controlled
> substance offenses, does not cover Mr. Talley['s] current conviction for conspiracy
> under [21 U.S.C. §] 846. *See United States v. Norman*, 935 F.3d 232, 239 (4th Cir.
> 2019). The Court held in *Norman*, that a conspiracy under [§] 846 is a categorical
> mismatch to the generic crime of conspiracy enumerated in [§] 4B1.2(B). That rule
> eliminated Mr. Talley's current conspiracy conviction from being covered under
> career offender regardless of the nature of his prior conviction. Therefore, career
> offender classification cannot be invoked in Mr. Talley['s] case.

(ECF No. 137, at 4.) Talley argues that, "[i]f attorney Roberts had argued the *Norman* case, she

would have shown that Mr. Talley [was] not a career offender and his adjusted base level would

4

be 23 and criminal history category would be a VI, resulting in an advisory guidelines range of 92–115 months." (ECF No. 137, at 5.)

Talley also provided a letter from counsel, dated December 4, 2019, two and a half months after his sentencing, that responds to his questions about whether he was truly a career offender. (ECF No. 153-1.) It is unclear whether Talley brought up the *Norman* case specifically based on counsel's response or if Talley only raised the fact that he believed that counsel should not have withdrawn her objection to certain New Jersey offenses in the career offender calculation. In her letter, counsel states: "As is made clear by the New Jersey court records, you have three prior convictions – all of which qualify as predicates. It brings me no joy to once again deliver this news to you. However, I continue to believe that your designation as a career offender was/is correct." (ECF No. 153-1, at 2.)

### C. **The Government Concedes Talley is Entitled to Relief**

The Government has responded and agrees with Talley's assessment that he is entitled to relief because counsel should have objected to the application of the career offender enhancement to Talley's guideline calculation based on *Norman*. Specifically, they argue, that under *Norman*, Talley's offense of conviction, conspiracy to distribute heroin, was no longer a controlled substance offense for the purposes of the career offender guidelines at the time of Talley's sentencing and counsel should have been aware of this change in the law and objected at sentencing. (ECF No. 155, at 4–5.) The Government explains that it

> is compelled to concede that defendant has met his burden under the performance prong. On August 15, 2019, the Fourth Circuit decided *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), and held unequivocally that a charge of conspiracy pursuant to 21 U.S.C. § 846 was not a "controlled substance offense" under U.S.S.G. § 4B1.2(b). Thus, a conviction under § 846 could not serve as a basis for a career offender designation. Just over one month later, the defendant was sentenced in this Court as a career offender, even though his offense of conviction was a violation of 21 U.S.C. § 846 (conspiracy to distribute heroin).

> Candidly, the United States also missed the application of *Norman* in this case, but the analysis does not stop there. On December 4, 2019, defense counsel sent a letter to the defendant reiterating the (erroneous) position that the defendant was correctly deemed a *career offender*. It is the letter that the government finds to be the most compelling aspect of this matter and as such, the United States concedes that the performance prong has been met here.

(ECF No. 155, at 4.) The Government also concedes that Talley has shown prejudice because had counsel raised an objection based on *Norman*, Talley's sentencing guidelines range would have been 92 to 115 months as opposed to 151 to 188 months. (ECF No. 155.) The Government agrees with Talley in concluding that, "[i]f defense counsel had objected to the career offender designation and cited the *Norman* case, there is a 'reasonable probability' that the Court would not have applied the enhancement." (ECF No. 155, at 5 (citation omitted).) Therefore, the Government concludes that counsel rendered ineffective assistance with respect to Talley's sentence and that Talley should be granted relief in the form of a resentencing. (ECF No. 155.)

In response, Talley argues that he either should be released immediately or that he should be resentenced with an applicable guidelines range of 92 to 115 months. (ECF No. 156, at 2–4.) Talley fails to provide any persuasive argument about why the Court should simply release him, and the Court cannot discern why that would be appropriate in these circumstances. Moreover, with respect to any guidelines range, the Court will not know the exact sentencing guidelines range applicable to Talley's case until a new Presentence Investigation Report is prepared, and even then, Talley could receive up to twenty years of incarceration by statute.

In sum, based on the Government's concession that Talley is entitled to relief,[3] the § 2255 Motion will be GRANTED. (ECF No. 130.) The Court will set the matter for a resentencing.

---

[3] Whether counsel rendered ineffective assistance is perhaps more nuanced than the Government suggests. Counsel's performance is "evaluated in light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Morris*, 917 F.3d 818,

## III. **Conclusion**

Talley's § 2255 Motion will be GRANTED. (ECF No. 130.) The Motion to Dismiss

will be DEEMED WITHDRAWN. (ECF No. 133.) The matter will be set for a resentencing.

An appropriate Order will accompany this Memorandum Opinion.

Date: 11/7/2022

Richmond, Virginia

M. Hannah Lauck

United States District Judge

---

823 (4th Cir. 2019) (quoting *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017)). While counsel was not required to "predict every new development in the law," she was "obliged to make [] argument[s] that [are] sufficiently foreshadowed in existing case law." *Id.* at 824 (alterations in original) (citations omitted). In *Norman*, the Fourth Circuit determined that because § 846 "criminalizes a broader range of conduct than that covered by generic conspiracy," a conviction under § 846 no longer qualifies as a "controlled substance offense" under the sentencing guidelines. *Norman*, 935 F.3d at 237–39. The Court acknowledges that the underlying facts in *Norman* are not on all fours with Talley's case. Unlike in Talley's case, in *Norman*, the Fourth Circuit considered the use of a prior § 846 conviction as a predicate offense in the context of a Chapter 2 enhancement. In Talley's case, § 846 was the offense of conviction that triggered a Chapter 4 career offender enhancement. Nevertheless, based on the Government's concession that Talley is entitled to relief, and in the context of this particular case, the Court will grant the § 2255 motion and the matter will be set for a resentencing.

7